

# Fourth Court of Appeals
## San Antonio, Texas

August 14, 2018

No. 04-18-00516-CR

Moses Eli **AVILA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CR7607
Honorable Lorina I. Rummel, Judge Presiding

# O R D E R

The trial court imposed sentence in Cause No. 2017CR7607 on March 20, 2018. Because appellant did not file a motion for new trial, the notice of appeal was due to be filed on April 19, 2018. TEX. R. APP. P. 26.2(a)(1). A motion for extension of time to file the notice of appeal was due on May 4, 3028. TEX. R. APP. P. 26.3. On July 16, 2018, appellant filed a "Motion for Leave to File Late Notice of Appeal/Continuance." Because appellant did not timely file a notice of appeal or timely file a motion for extension of time, it appears that we lack jurisdiction over this appeal. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).[1]

We, therefore, ORDER appellant to show cause on or before **August 29, 2018** why this appeal should not be dismissed for lack of jurisdiction.

_____
Irene Rios, Justice

---

[1] We also note the trial court's certification in this appeal states that "this criminal case is a plea-bargain case, and the defendant has NO right of appeal." The clerk's record contains a written plea bargain, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant; therefore, the trial court's certification accurately reflects that the criminal case is a plea-bargain case. *See* TEX. R. APP. P. 25.2(a)(2). Rule 25.2(d) of the Texas Rules of Appellate Procedure provides, "The appeal must be dismissed if a certification that shows the defendant has a right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d).

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 14th day of August, 2018.



Keith E. Hottle
Clerk of Court